IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ISSA M. YASLAM, ,<br><br>      Plaintiff,<br>v.<br><br>US CITIZENSHIP and IMMIGRATION SERVICES, et al., ,<br>      Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-905-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

  This case has been referred to Magistrate Judge Brooke C. Wells from District Judge Robert J. Shelby pursuant to 28 U.S.C. §636(b)(1)(B).[1] Before the Court is Plaintiff Issa Yaslam's (Plaintiff") Complaint against U.S. Citizenship and Immigration Services, Department of Homeland Security, and the Federal Bureau of Investigation ("collectively referred to as "Defendants"), Plaintiff's Motion to Appoint Counsel[2] and Motion for Service of Process.[3]

  On October 9, 2013, Magistrate Judge Dustin B. Pead granted Plaintiff leave to proceed *in forma pauperis*.[4] On that same date, Plaintiff, who is *pro se*, filed his Complaint.[5] Because Plaintiff has been permitted to proceed *in forma pauperis*, the Court will address the sufficiency of Plaintiff's Complaint under the authority of 28 U.S.C. § 1915. Upon review of the Plaintiff's Complaint, the Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's Complaint. The Court **FURTHER RECOMMENDS** that Plaintiff's Motion for Appointment of Counsel[6] be **DENIED** and Plaintiff's Motion for Service of Process[7] be deemed **MOOT.**

---

[1] Docket no. 9.
[2] Docket no. 4.
[3] Docket no. 5.
[4] Docket no. 2.
[5] Docket no. 3.
[6] Docket no. 4.
[7] Docket no. 5.

A. **Dismissal of Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).**

Plaintiff is proceeding *in forma pauperis*.[8] Under 28 U.S.C. §1915(e)(2)(B), the court shall at any time, *sua sponte*, dismiss a case if the court determines a complaint is frivolous or fails to state a claim upon which relief can may be granted.[9] Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[10]

A claim may be considered frivolous if it "lacks an arguable basis in either law or fact."[11] In addition, to dismissal for frivolity, § 1915 allows for failure to state a claim on which relief may be granted.[12] "[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he had alleged and it would be futile to give him an opportunity to amend."[13] When determining whether to dismiss for failure to state a claim under section 1915(e)(2)(B)(ii), courts employ the standard set forth for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[14] In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[15] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[16]

---

[8] Docket no. 2.
[9] See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).
[10] Neitzke v. Williams, 490 U.S. 319. 325 (1989).
[11] Id. at 327.
[12] 28 U.S.C. §1915(e)(2)(B)(ii).
[13] Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001)(internal quotations and citation omitted).
[14] See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).
[15] Id. at 1218.
[16] Id. (alterations in original).

Here, even after considering Plaintiff's Complaint liberally,[17] the Court finds Plaintiff's complaint to be frivolous and fails to state a claim upon which relief can be granted. Plaintiff seems to be seeking answers as to why his application for U.S. Citizenship has been denied and also seeks to retrieve documents from various federal agencies.[18] Specifically, as to Plaintiff's "Causes of Action" Plaintiff alleges "I applied U.S. Citizenship January 19, 2002 and never gave den[ial] letter and never explain why I denied U.S. Citizenship."[19] Plaintiff further states he again applied for U.S. Citizenship on July 7, 2012 and "I don't understanding why I'm on hold my family dead three of them. I'm on hold for no reason, my family don't like me anymore because I don't gave [sic] respect."[20] Also, Plaintiff admits he has no injury and states "I lost the values of my life, and I felt that I'm good for nothing. I need my first amendment back and my fourth amendment also back with fair old balance under the law."[21]

Thus, although Plaintiff's situation may be dire, Plaintiff must allege sufficient facts on which a recognized legal claim can be based.[22] In addition, it is also not "…the proper function of the district court to assume the role of advocate for the pro se litigant."[23] In the instant case, the Court is unable to discern whether Plaintiff has a plausible claim and believes it to be frivolous because it "lacks an arguable basis in either law or fact."[24] Plaintiff admits that he has not been injured and it appears Plaintiff's situation may be handled through administrative channels with the U.S. Customs & Immigration Service. Therefore, the Court recommends this case be dismissed *sua sponte* pursuant to § 1915 as being frivolous and for failing to state a claim upon which relief may be granted.

---

[17] Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).
[18] See Complaint, docket no. 3.
[19] Id.
[20] Id.
[21] Id.
[22] Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).
[23] Id. at 1110.
[24] Neitzke, at 325 (1989).

B. **Plaintiff's Motion to Appoint Counsel**

Generally, as a civil litigant, Plaintiff has no constitutional right to counsel.[25] However, in its discretion, a district court "may request an attorney to represent any person unable to afford counsel."[26] When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by those claims.'"[27]

In his Motion for Appointment of Counsel, Plaintiff provides no reason as to why counsel should be appointed for him. Further, the Court finds Plaintiff's Complaint fails to state a claim for relief and is frivolous under § 1915. Therefore, because Plaintiff has provided no basis for as to why he needs an attorney and the Plaintiff's Complaint lacks merit, the Court recommends Plaintiff's Motion for Appointment of Counsel be Denied.

C. **Plaintiff's Motion for Service of Process**

Based on the Court's recommendation to Dismiss Plaintiff's Complaint and Plaintiff's Motion for Appointment of Counsel be denied, the Court recommends that Plaintiff's Motion for Service of Process be deemed moot.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

---

[25] See Moomchi v. Univ. of N.M., 1995 WL 736292 at *3 (10th Cir. 1995)(unpublished); Carper v. DeLand, 54 F.3d 613, 616 (10th Cir. 1995); Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989).
[26] 28 U.S.C. § 1915(e)(1).
[27] Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)(quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).

4

1. Plaintiff's Complaint be **DISMISSED** under the authority of 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failing to state a claim upon which relief can be granted.
2. Plaintiff's Motion to Appoint Counsel[28] be **DENIED.**
3. Plaintiff's Motion for Service of Process[29] be deemed **MOOT.**

### NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[30] A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 18 December 2013.

*/s/ Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge

---

[28] Docket no. 4.
[29] Docket no. 5.
[30] See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).